CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 06 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 3:16CR00020 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| TORY ALEXANDER THOMAS, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

In this criminal case, the defendant, Tory Alexander Thomas, has moved to dismiss the indictment. For the reasons set forth below, the motion will be denied.

### Background

On July 27, 2016, a federal grand jury returned a one-count indictment charging Thomas with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment alleges the § 922(g)(1) offense in the following terms:

> On or about May 12, 2016, in the Western Judicial District of Virginia, the defendant, TORY ALEXANDER THOMAS, a/k/a Christopher Nathaniel Newman, who was previously convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess a firearm to wit; a Diamondback, .380 caliber handgun, which was shipped or transported in interstate or foreign commerce; all in violation of Title 18, United States Code, Section 922(g)(1).

Dkt. No. 1.

On August 17, 2016, Thomas moved to dismiss the indictment on two grounds. First, Thomas argues that it improperly pleads, in the disjunctive, that the firearm at issue had been "shipped or transported in interstate or foreign commerce." Id. (emphasis added). Second, Thomas contends that the indictment is defective because it does not identify the precise nature of his prior felony conviction, the date of the conviction, or the court in which he was convicted.

The court held a hearing on the motion on September 15, 2016. The motion has been fully briefed and is ripe for review.

## Discussion

"In the federal system, an indictment need merely contain a 'plain, concise, and definite written statement of the essential facts constituting the offense charged.'" United States v. Rendelman, 641 F.3d 36, 43 (4th Cir. 2011) (quoting Fed R. Crim. P. 7(c)(1)). "More specifically, an indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." Id. (citing United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002)).

The specific statute under which Thomas was charged makes it:

> unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). To sustain a conviction under § 922(g)(1), the government must prove the following elements: (1) that "the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year"; (2) that "the defendant knowingly possessed, transported, shipped, or received, the firearm"; and (3) that "the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995).

In moving to dismiss the indictment, Thomas first argues that it improperly pleads, in the disjunctive, that he possessed a firearm that had been "shipped or transported in interstate or foreign commerce." Dkt. No. 1 (emphasis added). To support this argument, Thomas cites to

2

Fourth Circuit precedent holding "that 'where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive.'" United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001) (quoting United States v. Rhynes, 206 F.3d 349, 384 (4th Cir. 1999)). "The purpose behind the disjunctive/conjunctive rule is to avoid uncertainty in charging an offense when the statute enumerates several different ways in which an offense may be committed." United States v. Villalobos, 32 F. Supp. 3d 803, 808 (S.D. Tex. 2014); see also The Confiscation Cases, 87 U.S. 92, 104 (1874) (explaining that a disjunctive charge would lack "necessary certainty" and be "wholly insufficient" because "[i]t would not give the accused definite notice of the offence charged" or provide protection against double jeopardy). For instance, the rule has been applied in cases in which a statute prohibited the "use or carry" of a firearm, United States v. Hall, No. 96-4365, 1997 U.S. App. LEXIS 32168, at *9 (4th Cir. Nov. 17, 1997), or made it unlawful for a person to knowingly "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance," United States v. Arnold, No. 94-5649, 1996 U.S. App. LEXIS 26348, at *4 (4th Cir. Oct. 8, 1996). In those cases, the indictments charged in the conjunctive – "knowingly used and carried a destructive device" or "possession and manufacturing of methamphetamine with intent to distribute" – and proof of any one of the acts charged was held sufficient to establish a defendant's guilt. Hall, 1997 U.S. App. LEXIS 26384, at *10; Arnold, 1996 U.S. App. LEXIS 26348, at *5.

In this case, unlike in Hall and Arnold, the indictment does not allege more than one criminal act in violation of the statute at issue. Instead, the indictment specifically alleges that Thomas unlawfully "possess[ed]" a particular firearm on a particular date, in violation of § 922(g)(1). Dkt. No. 1. The disjunctive language of which Thomas complains – that the firearm

3

at issue had been "shipped or transported in interstate or foreign commerce" – was alleged to satisfy the requirement that the possession was "in or affecting commerce," as required by § 922(g). That requirement, however, merely "provides the necessary jurisdictional basis" for the federal criminal statute. United States v. Hill, 200 F. App'x 783, 786 (10th Cir. 2006); see also United States v. Gillies, 851 F.2d 492, 495 (1st Cir. 1988) (emphasizing that "[t]he act that the law forbids is possession," and that the "in or affecting commerce" language "provides the jurisdictional basis for [the] federal law").

Since the indictment specifically alleges that Thomas unlawfully possessed a particular firearm on a particular date in violation of § 922(g), the court concludes that it provides sufficient notice of the charge against Thomas and adequately protects him from double jeopardy. The indictment is not subject to dismissal simply because it uses the disjunctive term "or" in pleading the jurisdictional basis for the offense. See, e.g., United States v. Poole, 929 F.2d 1476, 1479 (10th Cir. 1991) ("The phrase 'in or affecting commerce' in § 922(g) was intended by Congress to mean 'that the firearm had been at some time, in interstate commerce.' Because the indictment specifically identified the firearm and alleged that it had been shipped or transported in interstate commerce, the indictment was sufficient to place Poole on notice of the charge against him.") (emphasis added) (quoting Scarborough v. United States, 431 U.S. 563, 575 (1977)).

Thomas' second argument, that the indictment is defective because it does not identify the precise nature of his previous felony conviction, is also unpersuasive. As other district courts have recently observed, "it is not necessary for the [i]ndictment to list the specific predicate offense – it must only allege that [the defendant] had a prior felony conviction at the time he knowingly possessed a firearm." Simmons v. United States, No. 1:14CV1068, 2015 U.S. Dist.

4

LEXIS 110106, at *6 (M.D.N.C. Aug. 20, 2015) (citing United States v. Osborne, No. 97-4857, 1999 U.S. App. LEXIS 3710, at *3 (4th Cir. Mar. 9, 1999) (finding sufficient an indictment that merely tracked the language of § 922(g)(1) and did not list a specific predicate felony); see also United States v. Blum, 115 F. Supp. 3d 642, 646 n.3 (E.D.N.C. 2015) (holding that an indictment satisfactorily alleged this particular element "by stating that defendant had 'been convicted of a crime punishable by imprisonment for a term exceeding one year'").

## Conclusion

For the reasons stated, the defendant's motion to dismiss the indictment will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 6th day of October, 2016.

                                            */s/ Glen E. Conrad*
                                   Chief United States District Judge